## No. 11,499.

BAILEY, ET AL. *v*. PEOPLE EX REL. CLINE.

Decided April 26, 1926.  Rehearing denied May 10, 1926.

Action in quo warranto.  Judgment for petitioners.

*Reversed.*

*On Application for Supersedeas.*

1.  CHARITIES—*Judicial Supervision.*  In a proper action and under proper pleadings courts have the power and duty to care temporarily for charities to the end that their funds be not dissipated nor their wards neglected.

2.       *Trustees—Courts.*  In a controversy over trustees of a charitable organization, new officials being installed by agreement after the initiation of judicial proceedings to settle the differences, none of the parties participating could object, and the court was without jurisdiction to further proceed.

3.       *Trustees—Election—Judicial Interference.*  The intrusion, over objection, of election judges and clerks appointed by the court in the annual election of trustees of a charitable organization, after the court's jurisdiction had terminated, held erroneous and the election invalid.

4.    *Trustees—Election.*   In an election of trustees of a charitable organization, qualified electors having protested the proceedings, did not lose their right to further question their legality by participating therein.

5.    *Trustees—Tenure of Office.*   Trustees of the charitable organization involved in the proceedings under consideration, having been legally elected and installed, hold their offices until their successors can be legally selected under the by-laws of the society.

6.    *By-Laws—Amendment.*   Attempted amendments of by-laws of a charitable organization which are calculated to wrest the society from its original plan as set forth in its charter, will not be countenanced by law.

*Error to the District Court of the City and County of Denver, Hon. Henley A. Calvert, Judge.*

Mr. JOHN H. GABRIEL, Mr. GEORGE Q. RICHMOND, Mr. ROBERT COLLIER, for plaintiffs in error.

Mr. JAMES H. TELLER, Mr. BENJAMIN GRIFFITH, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THIS was an action in quo warranto to try the title of certain persons to the office of trustee of a semi-charitable society. To review a judgment against plaintiffs in error and others, who were respondents, this writ is sued out. The cause was presented here on an application for supersedeas, and by order of the court it was finally submitted thereon and orally argued.

The Ladies' Relief Society conducts the Old Ladies' Home, a semi-charitable institution of Denver, having an endowment of some $200,000. The information was filed herein by the district attorney March 31, answer April 18, and reply May 15, 1925. On May 23, one Sarah E. Bull, claiming membership in the society and alleging

its gross mismanagement by the acting trustees and their violation of its by-laws and certain state statutes, filed a petition in said action asking the court to take charge of the society's affairs, appoint a manager, restrain respondents from further acting, and order the election of a new board. On the same day a similar petition was filed in the same case by the district attorney. The six acting trustees, hereinafter referred to as respondents, were Bailey, Bowman, Jackson, Dove, Keezer and Ball. A seventh had theretofore resigned. In June, and before trial, all of the respondents resigned and all parties appearing agreed to an election, to be held under the supervision of the court, to fill the vacancies. Such election was held and Bailey, Bowman, Jackson, Reid, Steele, Scott and Fisher, were elected and took charge. Later Steele resigned and Hegarty was selected, as provided by the by-laws, to fill that vacancy. These seven are hereinafter referred to as the June trustees. October 16, Bailey, Bowman, Jackson and Dove moved to dismiss on the ground that the issues had been settled and the court was without jurisdiction to proceed further. Hearing thereon was continued, by agreement, to November 2. On November 2 and 3, the court, over the objection of respondents, ordered its judges and clerk who conducted the June election to take charge and conduct the annual election of November 4. They did so and reported to the court the election of Vosburgh, Nicholls, Kelly, Robinson, Whipple, George and Troxel. These are hereinafter referred to as Vosburgh trustees. Objection to that report and motion to strike it and vacate the election order was filed (by the June trustees, who claimed election), and answer and replication thereto. December 4, the cause was tried to the court and taken under advisement. December 8, the court overruled the last mentioned objection and motion, as well as the motion of October 16, held the Vosburgh trustees elected, and entered judgment accordingly.

Of the questions raised by the seventeen assignments of error three only need be noticed: (1) Was the November election legal? (2) If not, are plaintiffs in error estopped from questioning it by their participation therein? (3) What is the tenure of the present trustees?

1. The petitions of May 23, the resignation of the respondents, the agreement for the June election, the action thereunder, and the acquiescence of all parties therein, presented questions entirely different from those raised by the original pleadings. What, technically speaking, these amounted to, is wholly immaterial. It is undisputed that in a proper action and under proper pleadings the court had both the power and duty to care temporarily for this important charity and to see that its endowment was not dissipated and its wards left in want because its offices were vacant.

From the tender of the resignations of respondents, which terminated the original dispute, to the installation of the June trustees, every step taken was by agreement, and no one now before the court is in a position to object thereto. The by-laws provided that the annual election should be held by the trustees in November. There was neither presumption nor allegation that they would violate that duty. With their induction into office by agreement it is perfectly clear that the duty of the court terminated and the motion of October 16, should have been sustained. The intrusion, over objection, of the judges and clerk, appointed by the court, into the affairs of the trustees, and their alleged holding of the annual election, was erroneous, and that election invalid.

2. It is contended that plaintiffs in error lost their right to question the legality of the November election by participating therein. Having made every possible protest the rule does not apply. If they had failed to vote and that election been upheld they would thus have lost their right to participate in the management of the society. If having participated they would be so estopped, then action and inaction were equally perilous.

That permission is no right which can be exercised only under threat of penalties which may destroy it.

3. It therefore appears that the June trustees are the present legal officers of the society. The November election being invalid they are holding as trustees to fill vacancies until their successors can be legally selected, which will be at the next annual election of the society as provided by its by-laws.

In addition to the foregoing, numerous questions are presented relating to the legality of the votes cast at the November election but, having held that election invalid, these need not be determined here. They relate to the right to amend the by-laws to aid those in authority to perpetuate their control, and to wrest the society from its original plan as set forth in its charter. It is sufficient here to say that no such schemes can be countenanced by the law. Enough appears from substantial admissions in this record to show that the conduct of the society and the home have, for some years last past, been at times illegal. With this admonition we can only assume that the trustees will proceed at once to remedy these errors, eradicate these objectionable practices, place this charity once more upon a legal and businesslike basis, and see that a full legal board is elected in November of the present year.

The June trustees, or in case of ad interim vacancies their successors selected as provided by the by-laws, are the present lawful trustees of the society. They hold, as trustees to fill vacancies, until their successors are selected at the annual election in November, 1926.

The judgment is reversed with directions to the trial court to enter judgment accordingly.